**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Charles PARKER, Defendant-Appellant.**

**No. 30888**

**Summary Calendar.\*\***

United States Court of Appeals,
Fifth Circuit.

July 15, 1971.

Rehearing Denied Sept. 3, 1971.

Joe B. Sartain, Jr., Gainesville, Ga., for defendant-appellant.

Charles Parker, pro se.

** [1] Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

John W. Stokes, Jr., U. S. Atty., Robert L. Smith, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

After trial by jury Charles Parker, appellant, was convicted of robbing a federally insured bank in Demorest, Georgia in violation of 18 U.S.C.A. § 2113(a). In this appeal Parker argues that his constitutional rights were violated immediately following his arrest and arraignment before the United States Commissioner; that the trial judge erred in refusing to suppress his confession; and that the evidence was insufficient to support his conviction.

 In support of his first two contentions, appellant asserts that his admission of guilt was obtained " * * * through threats and coercion at a time when appellant was scared, sick, and had been deprived of counsel." He argues that the trial judge should therefore have granted his motion to suppress the admission. A review of the record reveals that there existed a clear-cut issue of fact between appellant on the one hand and the Federal Bureau of Investigation agents on the other as to whether the agents informed appellant of his constitutional rights at the time of the arrest and immediately before the admission was given. However, all parties agreed that the admission was not given until after the United States Commissioner had informed appellant of his rights and appellant had stated he did not desire counsel. The trial court conducted a full and complete hearing into the circumstances surrounding the taking of the statement in question and determined that the admission was freely and voluntarily given. The issue as to the voluntariness of the admission was fully and fairly submitted by the court to the jury. We find no error in the court's action and thus determine that appellant's first two contentions are without merit.

Appellant next contends that there was insufficient evidence to support his conviction. After carefully reviewing the record in light of the principles enunciated in Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L. Ed. 680 (1942), i. e., that it is not for us to weigh the evidence or to determine the credibility of witnesses, and that the jury's verdict must be sustained if, taking the view most favorable to the government, there is substantial evidence to support it, we have concluded that appellant's third contention is without merit.

Accordingly, we affirm the judgment below.

Affirmed.